## Harris et al. *v.* Seiavitch, Appellant.

Argued September 28, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*J. R. Dickie,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellant.

*Morse J. Keller* and *Sam R. Keller,* for appellees, were not heard.

PER CURIAM, November 27, 1939:

The parents of Julius Harris, as his next friends and in their own right, brought these actions of trespass to recover damages for injuries sustained by minor plaintiff through the alleged negligence of defendant. After verdicts for plaintiffs, refusal of defendant's motions

for judgments n. o. v. and a new trial, and the entry of judgments, these appeals followed.

Reviewing the record, as we must, in the light most favorable to plaintiffs and according them the benefit of every reasonable inference to be deduced therefrom (*Giannone v. Reale,* 333 Pa. 21, 23), it appears that minor plaintiff, then at the age of ten years and nine months, was performing an errand for his mother on November 29, 1936, when he was approached by defendant, a stranger, and asked whether he would like to ride on the endgate of defendant's truck to prevent children from jumping on the rear of the truck to ride or to take milk while defendant was making deliveries. The minor plaintiff agreed, and defendant said he would give him "something" in return. Thereafter the boy sat on the endgate with his legs dangling over the edge until defendant, while attempting to turn the truck around, backed it into a pole, and crushed the boy's left leg, necessitating its amputation.

The defendant contends that by riding on the endgate of the truck when injured, minor plaintiff violated section 1023 of the Motor Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of July 16, 1935, P. L. 1056, section 33, and that, therefore, plaintiffs are barred from a recovery. We do not so interpret the statute. The section referred to is entitled "Tampering with vehicles" and subsection (b) thereof provides as follows: "No person shall hang on to, or ride on, the outside or the rear end of any vehicle . . ." This subsection, read in the light of the entire section, is capable of but one interpretation, and that is that by using the word "tamper," the legislature intended an unauthorized and unwarranted meddling with a motor vehicle. The obvious purpose behind this enactment was an endeavor to prevent injuries to *trespassing* persons by reason of placing themselves in perilous positions on vehicles. In the instant case minor plaintiff was not a trespasser, since he was expressly directed

by the owner of the vehicle to ride on the endgate of the truck, and, therefore, his riding thereon clearly did not violate this section of the Motor Vehicle Code.

Nor is there any merit in the further contention of appellant that even in the absence of the statute minor plaintiff was guilty of contributory negligence as a matter of law. In this case there is not only the age of the child to be considered, but also defendant's order and direction. It is a well established principle that the contributory negligence of a child ten years old is for the jury: *Donze v. Devlin,* 329 Pa. 1, 4.

Furthermore, plaintiffs properly brought their actions in trespass to recover for these injuries, since there is nothing whatever in the record to establish a relationship of employer and employee. The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, does not apply. By sections 103 and 104 of that act, the terms "employer" and "employe" are declared to be synonymous with "master" and "servant" respectively. The rules for determining the existence of the relation of employer and employee, therefore, are the same as those at common law for ascertaining the relation of master and servant. And where the facts are undisputed, the question whether the relation of employer and employee existed is one of law: *McColligan v. Penna. R. R. Co.,* 214 Pa. 229, 231.

As specifically set forth in section 104 of the Workmen's Compensation Act, supra, the word "employe" means a person who performs services for another for a valuable consideration. To establish a master-servant relationship within the meaning of the act, it is necessary to show a contract, either express or implied, of employment for wages: *Busch v. Bientzle,* 119 Pa. Superior Ct. 559, 562. Here the lower court found that the evidence merely established a promise of a gift or gratuity and that there was no contract for wages. The record amply sustains such findings. The boy was in attendance in a grade school up until Friday before

the accident and returned to that school after recovery from his injuries; at the time of his mishap he was on an errand for his mother; and he expected to go to Sunday school later that morning. He had never been employed, nor did he have any intention of being employed at the time of the accident. The assent of both parties is essential to create the relation of master and servant: *Corbin v. George,* 308 Pa. 201, 204. In the present case it is clearly apparent that the boy went along with defendant for the "fun of it" and that neither he nor defendant intended to create such a relationship.

Judgments are affirmed; costs to be paid by appellant.