Opinion by
 

 Rhodes, J.,
 

 Claimant’s claim for compensation, was disallowed by the referee and the Workmen’s Compensation Board on the ground that he was an independent contractor. On appeal the court of common pleas affirmed the board. It is from this action of the court below that an appeal has been taken to this court by claimant.
 

 Section 103, art. 1, of the Act of June 2, 1915, P. L. 736, as reenacted and amended by the Act of June 21, 1939, P. L. 520, cited as “The Pennsylvania Workmen’s Compensation Act,” 77 PS §21, declares that the term “employer” as used in the act is to be synonymous with “master,” and by section 104, as reenacted and amended, 77 PS §22, the term “employe” as used in the act is declared to be synonymous with “servant.” Section
 
 *216
 
 105, as reenacted and amended, 77 PS §25, provides that the term “contractor” as used in article 2, §203, 77 PS §52, and article 3, §302 (b), 77 PS §462, shall not include a contractor .engaged in an independent business, other than that of supplying laborers or assistants, in which he serves persons other than the employer in whose service the accident occurs. A prerequisite to recovery of compensation by a claimant is ,a showing that he was an employee, and bore to the one sought to be charged the relation of servant and master.
 
 James v. Shapiro et al.,
 
 135 Pa. Superior Ct. 550, 556, 5 A. 2d 815. The burden of proof was upon the claimant.
 
 Logue v. Gallagher et al.,
 
 124 Pa. Superior Ct. 328, 332, 188 A. 395.
 

 In
 
 McColligan v. Pennsylvania Railroad Co.,
 
 214 Pa. 229, 232, 63 A. 792, it was said that the master and servant relationship exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done and the way and manner in which it shall be done. See
 
 Joseph v. United Workers’ Ass’n,
 
 343 Pa. 636, 23 A. 2d 470.
 

 In
 
 Simonton v. Morton,
 
 275 Pa. 562, at page 568, 119 A. 732, at page 734, it was said: “Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to the result, the employment is an independent one establishing the relation of a contractee and contractor and not that of master and servant.” In the same opinion (page 569), citing from 14 R. C. L. pp. 68, 69, it was pointed out that the control of the work reserved in the employer which makes the employee a mere servant is a control, not only of the result of the work, but also of the means and manner of the performance thereof, and that a reservation of the right to supervise and inspect the work dtaring performance does not make the contractor a mere servant, where the mode and means of performance are within
 
 *217
 
 his control. See, also,
 
 Healey v. Carey, Baxter & Kennedy, Inc., et al.,
 
 144 Pa. Superior Ct. 500, 504, 19 A. 2d 852;
 
 Gravatt v. State Workmen's Insurance Fund et al.,
 
 140 Pa. Superior Ct. 435, 14 A. 2d 143.
 

 In the case before us the board struck out the referee’s sixth finding of fact, and in lieu thereof substituted the following: “That the defendant. exercised no supervision or control over the manner in which the claimant performed the work of changing the electrical power mains in its plant in which work the claimant was engaged at the time of the unfortunate accident. The only control reserved by the defendant was of the end result of the claimant’s work.”
 

 After supplementing the referee’s fifth finding of fact, which is not material to the issue here, the board affirmed the other findings of fact made by the referee, his conclusions of law, and order of disallowance.
 

 A brief statement of facts established by the evidence is sufficient to demonstrate that the board’s affirmance of the referee’s disallowance of compensation must be sustained by us. The defendant, Kurtz Brothers, was engaged in the manufacturing of macaroni and macaroni products. Claimant, an electrician by trade, was accidentally injured at defendant’s plant on October 28, 1939. In 1934 he sold his business to a Mrs. Diehl, and then worked for her. She used claimant’s name as a trade name, and, as her employee, he installed and repaired electrical equipment for defendant from time to time. About eight months previous , to the accident claimant resumed working for himself. He did electrical work for defendant on what was admitted to be a contract basis before he sold his business to Mrs. Diehl and after he resumed working for himself. He always hired and controlled such assistants as he needed on each job; he was never exclusively employed by defendant, and down to the time of his accident worked for others who needed his specialized services. Defendant had usually paid claimant for the number of
 
 *218
 
 hours he devoted to each job, and for the men whom he hired on the same basis; claimant then paid such workmen. Claimant contends that this relationship between him and defendant changed some time before the accident, and that he then entered defendant’s employ. This contention is based upon the fact that he was not only paid an hourly rate for the work performed by him for defendant, but that he was obliged to record the hours he worked on defendant’s time clock. Several weeks previous to October 28, 1939, claimant had been engaged to change the electrical power mains in defendant’s plant. In the same manner as theretofore he employed and controlled the workmen who assisted him. They had been working nights and at other times when the plant was not in operation. Due to some controversy as to the amount of time that claimant had put in while working for defendant on other occasions, and for which he billed defendant, and also due to the fact that there was some complaint from the workmen that claimant had not paid them after he had been paid for their services by defendant, defendant required claimant and his workmen to record their time on a time clock, and made out separate checks to claimant and his assistants. This was the situation when claimant was injured on October 28, 1939.
 

 There seems to be no question that the manner and method of performing the work in which he was engaged at the time of his injury were entirely within the discretion of claimant. It appears that when he worked was likewise largely discretionary. Defendant was not engaged in, and had no knowledge of, the electrical business. It was the occupation in which claimant was engaged. He used his own tools and furnished supplies. The supplies he sometimes furnished himself and then billed defendant, or he obtained them from others and submitted the original bills to defendant. Although by itself it may be of little weight, the fact that claimant and such assistants as he employed were never carried
 
 *219
 
 on defendant’s payroll is entitled to some consideration as indicative of lack of intention to create the relation of master and servant. The assent of both parties is essential to create this relationship.
 
 Harris et al. v. Seiavitch,
 
 336 Pa. 294, 298, 9 A. 2d 375.
 

 We think it is decisive in this case that defendant neither reserved control nor exercised control over the means or manner of accomplishment of the work which was to be done by claimant, and that the latter employed and fully controlled the workmen under him. Defendant was concerned with the result only. The changed method of payment did not alter the relation of contractor . and contraetee which had admittedly existed between the parties when similar work was performed by appellant from time to time under the same terms and conditions that prevailed at the time of his accident. He was just as independent in exercising complete control over the manner and means of performance as if he had been engaged on a contract to do the work for a lump sum.
 
 Swartz v. Hanover Borough,
 
 278. Pa. 134, 138, 122 A. 215.
 

 Not only were the essential elements of employer-employee relationship lacking, but the essential elements of contractor-contractee relationship were present. This conclusion is supported by the following facts which are established by the evidence: (a) An absence of control by defendant over the details of the work which claimant was to perform; (b) claimant was engaged in a distinct occupation or business from that of defendant; (c) the work was of the type usually performed by a specialist, and which defendant would not have been qualified to supervise or direct; (d) claimant furnished his own tools and employed and controlled those who assisted him; (e) claimant worked for defendant only when work requiring his skill as an electrician was to be performed; (f) the work which claimant did for defendant was not a part of the regular business of defendant; (g) the admitted relationship of the parties
 
 *220
 
 had previously been that of contractor and contractee; (h) claimant was performing the work for defendant in accordance with plans which he himself had prepared. Restatement of the Law, Agency, §220. The method of payment under the circumstances did not convert the relation into one of master and servant.
 

 The cases relied upon by appellant are not controlling, and are readily distinguishable.
 
 Kelley v. Delaware, Lackawanna & Western Railroad Co.,
 
 270 Pa. 426, 113 A. 419, is an example of a long line. Its inapplicability is shown by what was said in
 
 Swartz v. Hanover Borough,
 
 supra, p. 138, and this need not be repeated here. Other cases cited and relied upon by appellant are no more in point.
 

 Agreeing, as we do, with the referee, board, and court below, that claimant was an independent contractor at the time of his accidental injury, makes it unnecessary to consider the defense interposed to the effect that, even if claimant was not an independent contractor he was a casual employee doing work outside the regular course of defendant’s business.
 

 The appeal is dismissed, and the judgment of the court below is affirmed.