## Doyle, Appellant, *v.* Commonwealth.

612

Argued October 26, 1943. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ. (STADT-FELD and RENO, JJ., absent).

*J. Roy Lilley,* of *Lilley & Wilson,* with him *Mills & O'Connor,* for appellant.

*Paul E. Stein,* with him *S. H. Torchia, Ralph H. Behney* and *James H. Duff,* Attorney General, for appellee.

OPINION BY RHODES, J., December 9, 1943:

Claimant in this workmen's compensation case sustained an accidental injury while employed as an equipment operator on a state highway. Compensation was refused by the referee whose findings of fact and conclusions of law were affirmed by the Workmen's Compensation Board. The court of common pleas dismissed claimant's appeal and sustained the board. Claimant has appealed to this court.

The reason assigned for the refusal of compensation was that claimant was working under the control and supervision of the Works Progress Administration at the time of the accident.

It is conceded that there is no controversy concerning the accident or as to claimant's loss; that the only question involved is whether claimant at the time was an employee of the Pennsylvania Department of Highways within the meaning of section 104 of the Workmen's Compensation Act of 1915, as reenacted and amended, 77 PS §22. By sections 103 and 104, as reenacted and amended by the Act of June 21, 1939, P. L. 520, 77 PS §§21, 22, the terms "employer" and "employee," as used in the act, are declared to be synonymous with "master" and "servant" respectively. As set forth in section 104, as reenacted and amended, 72 PS §22, the word "employee" means a person who performs services for another for a valuable consideration. *Harris et al. v. Seiavitch*, 336 Pa. 294, 297, 9 A. 2d 375; *Venezia v. Philadelphia Electric Co.*, 317 Pa. 557, 559, 177 A. 25. A prerequisite to recovery of compensation by a claimant is a showing that he was an employee, and bore to the one sought to be charged the relation of servant and master. *Sechrist v. Kurtz Brothers et al.*, 147 Pa. Superior Ct. 214, 216, 24 A. 2d 128. The facts are undisputed, and consequently the existence of an employer-employee relationship is one of law. *Harris et al. v. Seiavitch*, supra, p. 297; *Healey v. Carey, Baxter &*

*Kennedy, Inc. et al.*, 144 Pa. Superior Ct. 500, 507, 19 A. 2d 852.

Claimant was employed by Cherry Township, Sullivan County, as an operator of its road roller. The Department of Highways entered into a contract with the supervisors of the township for the use of that equipment with an operator; it was to pay for the hours the equipment actually worked while in its possession. The department was to "have the exclusive possession and right to the use of said equipment when, where and as required ......" The department assigned the equipment and claimant as its operator to work on a state highway in Colley Township, Sullivan County. At that point the department was in exclusive control of claimant and the roller, and could have placed them on any road construction or maintenance work, the same as state owned equipment and state employees. The department could determine where and when he was to work, and direct how the work was to be performed. Thus the relationship of master and servant existed between claimant and the Department of Highways, which would be liable for compensation for accidental injuries sustained by claimant while so employed. *Hoffman v. Montgomery County et al.*, 146 Pa. Superior Ct. 399, 22 A. 2d 762; *McGorry v. Sterling Supply Corp.*, 116 Pa. Superior Ct. 563, 176 A. 808; *Lewis v. S. M. Byers Motor Car Co. et al.*, 102 Pa. Superior Ct. 434, 438, 156 A. 899; *Persing v. Citizens Traction Co.*, 294 Pa. 230, 236, 144 A. 97.

But the question here is whether the relationship between claimant and the Department of Highways ceased when claimant began to work on the state highway to which he had been assigned by the department. This highway was being graded, and some of the work was being performed by W. P. A. labor. It was what is commonly called a W. P. A. Project. The Department of Highways furnished the materials, equipment, and

equipment operators; the W. P. A. supplied the common labor, and its supervision. The W. P. A. hired, discharged, supervised, and paid the laboring men working on the project, but it had no power to hire or discharge claimant or the equipment operators, and it had no control over the equipment except as to when and where it was to be operated on the project. Although not a decisive factor, the equipment operators were not paid by W. P. A. Their time, including that of claimant, was kept by employees of the department; and they were paid from state funds directly or to the equipment owner, as in the present case.

The W. P. A. was not a general contractor. The Department of Highways significantly states in its brief that the agreement between the department and the W. P. A. was not a contract for the construction of a highway, and that the W. P. A. was not in the business of contracting for the building of highways. See Act of July 18, 1917, P. L. 1083, 77 PS §§441, 442, 443. W. P. A. merely afforded a means in this instance for the Department of Highways to have a certain type of work done without cost to it—a gratuity from the Federal Government. The purpose of W. P. A. was to give employment to the unemployed.[1] The Department of Highways furnished the plans and specifications and exercised general supervision over all the work not only as to the result, but to see that it was done "in a correct manner." The materials, equipment, and equipment operators were furnished by the Department of Highways—charged with the construction, repair, and maintenance of state highways—for its own purpose and in furtherance of its own affairs. This was its contribution toward the completion of the project of which it was sponsor. The department alone determined what equipment, with its operators, was placed on the job. In

---

[1] See *City of Los Angeles v. Industrial Accident Commission et al.*, 72 P. 2d 540, 542.

doing this work claimant was not there for the benefit of W. P. A., and performed no services for the W. P. A. for a valuable consideration. Claimant was working at this particular place because he had been so directed by the Department of Highways—his temporary employer. The assent of both parties is essential to create the relationship of master and servant. *Harris et al. v. Seiavitch*, supra, p. 298; *Corbin et al. v. George et al.*, 308 Pa. 201, 204, 162 A. 459; *Sechrist v. Kurtz Brothers et al.*, supra, p. 219. No possible inference could be drawn from anything that appears that claimant assented to become the servant of W. P. A. which had, under the described arrangements, no power to employ him as an equipment operator, to place him on the payroll, to pay wages for his services, or to provide compensation protection for him, and which had only a limited right to control the performance of his services on the project.

A master may loan his servant, with the latter's consent, to another under such circumstances as to create a new relation of master and servant (*Tarr v. Hecla Coal & Coke Co.*, 265 Pa. 519, 522, 109 A. 224), but we find no factual basis for a conclusion that claimant was loaned, with or without his consent, to the W. P. A., and ceased to be an employee of the Department of Highways. Such control as the supervisors of W. P. A. exercised over claimant and the roller was not in itself sufficient, under the circumstances, to make him an employee of W. P. A. At most, the W. P. A. supervisors could direct when and where claimant was to operate the road roller on the project, but in the actual operation and management of the roller claimant remained the employee of the Department of Highways, which had acquired exclusive possession of this equipment.

Judgment is reversed, and the record is remitted to the court below, with direction to enter judgment according to the provisions of the Act of Assembly in

617

favor of claimant and against the Commonwealth of
Pennsylvania, Department of Highways.