Gadd, Appellant *v.* Barone et al.

Argued April 12, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George J. Schafer,* with him *McCrady & Nicklas,* for appellant.

*Karl E. Weise,* with him *Paul Kern Hirsch,* and *Hirsch & Weise,* for appellees.

OPINION BY ROSS, J., September 27, 1950:

The only question involved in this workmen's compensation case is whether at the time he was injured, on August 25, 1947, the claimant Gadd was an independent contractor or an employe of the defendant Barone. The compensation authorities, after concluding that the relationship between the claimant and the defendant was that of employe and employer, made an award for total disability. The defendant's appeal to the County Court of Allegheny County was sustained and judgment entered for the defendant and his insurance carrier on the basis that at the time of his accident the claimant was an independent contractor and not an employe of defendant. The claimant's appeal followed.

The basic facts are undisputed. The defendant was the owner of a lot in Pittsburgh, and in August 1947 was in the process of constructing a building thereon. Gadd approached him with reference to obtaining work for himself as foreman and for his crew of journeymen structural iron workers to lay the steel beams in the

building. After subsequent negotiations, the parties orally agreed that claimant and his men lay the steel beams and that defendant would pay them an hourly wage. In accordance with the agreement, the claimant and his helpers laid the steel beams on the first floor on August 4, 1947, and returned on August 25 to do similar work on the second floor. While so engaged, claimant lost his balance while lifting a steel girder and injured his back.

To be entitled to compensation the claimant had the burden of proving that at the time of his injury he was an employe of the defendant. *Sechrist v. Kurtz Bros.,* 147 Pa. Superior Ct. 214, 24 A. 2d 128. The vital test in determining whether a workman is a servant of the person who engages him for the work is whether he is subject to the latter's control or right of control not only with regard to the work to be done but also with regard to the manner of performance. *Cookson v. Knauff,* 157 Pa. Superior Ct. 401, 43 A. 2d 402; *Thomas v. Bache,* 351 Pa. 220, 40 A 2d 495; *Felten v. Mellott,* 165 Pa. Superior Ct. 229, 67 A. 2d 727. In this case, we believe that control "with regard to the manner of performance" is of little or no importance because of the nature of the work, the defendant describing it as follows: "It wasn't a complicated job, just a couple, three pieces of steel, one right after the other. There was no plan made; the beams were there and all he had to do was put the steel on top of each beam; it was a very simple job."

It is not the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor. *Feller v. New Amsterdam Cas. Co.,* 363 Pa. 483, 70 A. 2d 299. No contract for the completion of the work or for any definite period of employment having been executed, it is clear that had defendant chosen to do so,

he could have discharged claimant and his men at will, incurring no legal liability for breach of contract. His only obligation in such case would have been to pay them for the hours they actually worked on his building. This is one of the indicia of a master-servant relationship. The power of an employer to terminate the employment at any time is incompatible with the full control of the work which is usually enjoyed by an independent contractor, and hence is considered as a strong circumstance tending to show the subserviency of the employe. *Blum Unemployment Compensation Case,* 163 Pa. Superior Ct. 271, 60 A. 2d 568; *Feller v. New Amsterdam Cas. Co.,* supra.

The method of payment is not a determining factor in establishing the relationship of the parties. *Sechrist v. Kurtz Bros.,* supra, 147 Pa. Superior Ct. 214, 24 A. 2d 128. However, in *Thomas v. Bache,* supra, 351 Pa. 220, 40 A. 2d 495, Mr. Chief Justice MAXEY, speaking for the Supreme Court, said at page 230: "Thomas [the claimant] received from the job no profit, either directly or indirectly, but only a daily wage. While this fact is not conclusive, yet when a workman is employed at a daily wage, the inference that he is a servant and not an independent contractor, will in the vast majority of cases be in accordance with the fact."

It seems clear from the testimony that the parties intended their relationship to be that of employer-employe, and to create such relationship the assent of both parties is essential. *Harris v. Seiavitch,* 336 Pa. 294, 9 A. 2d 375. Both defendant and claimant testified to the fact that defendant requested a "flat price" for the work but that claimant was unwilling to submit one, with the result that the hourly wage agreement was entered into. Furthermore, it is of record that defendant withheld federal income tax deductions from claimant's wages, an act consistent *only* with an employer-employe relationship.

In *Gailey v. State Workmen's Insurance Fund,* 286 Pa. 311, 133 A. 498, Mr. Chief Justice MOSCHZISKER said, at page 314: "When . . . the evidence shows one, claiming as employee of a defendant, to be an independent contractor, relief under the Compensation Act must be denied; but neither the compensation authorities nor the courts should be solicitous to put claimants in that position when a reasonable view of the evidence warrants a finding that the injured person was an employee." Viewing the evidence as a whole, we are convinced that the claimant in this case has qualified as an employe within the meaning of the Workmen's Compensation Act. Cf. *Cookson v. Knauff,* supra, 157 Pa. Superior Ct. 401, 43 A. 2d 402, and *Thomas v. Bache,* supra, 351 Pa. 220, 40 A. 2d 495.

The judgment is reversed, and the record is remitted for the entry of judgment on the award.