Gearhart, Appellant *v.* Summit Fast Freight, Inc.

Argued April 11, 1950. Before RHODES, P. J. HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*H. Y. Crossland,* with him *Martin E. Geary* and *Evans, Ivory & Evans,* for appellant.

*John T. Conner,* with him *Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY ROSS, J., September 27, 1950:

In this workmen's compensation case, the only question before us is whether at the time he suffered a fatal injury the claimant's husband, Norman D. Gearhart, was an independent contractor or was an employe of the defendant. The referee dismissed the claim petition on the ground that the claimant's deceased husband was an independent contractor. The referee was affirmed by the board, exceptions thereto dismissed by the court below, and judgment entered for the defendant. Thereupon the claimant took this appeal.

Gearhart was killed on December 4, 1946, when his truck, in which he was transporting steel for the defendant from Beaver Falls, Pennsylvania, to Chicago, Illinois, was involved in a collision with another vehicle near Bryan, Ohio. The defendant is engaged as a common carrier in the business of hauling freight from Pennsylvania to various points in other states. At the time of his fatal injury, Gearhart was transporting the steel pursuant to a written contract entered into on

September 24, 1946 between him and the defendant, and the relationship of the parties arises from this contract.

To be entitled to compensation the claimant had the burden of proving that at the time of his injury her husband was an employe of the defendant. *Sechrist v. Kurtz Bros.*, 147 Pa. Superior Ct. 214, 24 A. 2d 128. As stated by President Judge RHODES in *Sones v. Thompson Furniture Co.*, 163 Pa. Superior Ct. 392, 394, 62 A. 2d 116 : "The relation of employer and employee, as contemplated by the Workmen's Compensation Act . . . arises only where there is a contract of hiring, express or implied . . . and the burden of proving that deceased was an employee . . . was upon claimant." We agree with the conclusion of the compensation authorities and the court below that the claimant in this case failed to meet the burden imposed upon her.

By the terms of the contract, Gearhart was to transport freight for defendant common carrier in his privately-owned truck, choosing his way from routes approved in interstate commerce permits issued to the defendant. He collected freight charges from consignees, retaining 75 per cent. as his compensation and remitting the remaining 25 per cent. to defendant. All gas, oil, truck repairs and license plate and registration fees were paid by him and he was responsible for possible traffic fines. The hiring of additional help was a matter of personal discretion with him, the contract providing that he might have his truck operated "by himself or by competent employes", and he agreed to pay wages, and charges incident to coverage of workmen's compensation, unemployment compensation and other social security benefits for assistants hired, and such other charges as were involved in his work.

Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to re-

sult, the employment is an independent one establishing the relation of a contractee and contractor and not that of master and servant. The distinguishing criterion is the right to control the means of accomplishing the result. *Simonton v. Morton*, 275 Pa. 562, 119 A. 732; *Healey v. Carey, Baxter & Kennedy, Inc.*, 144 Pa. Superior Ct. 500, 19 A. 2d 852; *Sechrist v. Kurtz Bros.*, supra, 147 Pa. Superior Ct. 214, 24 A. 2d 128. Applying this well established test to the undisputed facts in this case, it is clear that Gearhart was an independent contractor. While to reach his destination he was required to traverse a route for which the defendant was certificated, Gearhart had a choice of several such routes and the choice was his to make. Aside from this limitation, the only instructions he received from the defendant were where to pick up the consignment of freight and where to deliver it—clearly control only of the result and not of the means of accomplishment.

Appellant relies heavily on the case of *Myers v. Maurer & Myers*, 144 Pa. Superior Ct. 385, 19 A. 2d 579, where it was held that a master-servant relationship existed and compensation was allowed. However, that case is readily distinguishable on its facts from the instant case. In the *Myers* case, the instruction received by the drivers of the firm-owned trucks, as well as by the owner-drivers, were exactly the same, whereas here defendant's regular employes, who were paid regular wages (as against the 75 per cent. freight retention of the private truck owners) were instructed as to routes to be followed. They could charge gas, oil, truck repairs and needed equipment to the company's account; private truck owners, including Gearhart, paid their own. In the *Myers* case, the claimant's husband hauled exclusively for the defendant; here Gearhart hauled for others in addition to the defendant. In that case, a helper *hired by defendant* was riding on the truck with

deceased at the time of the injury; here Gearhart hired and paid his helpers.

Furthermore in this case, the written contract executed by the defendant and the deceased provided in part as follows: "3. The relationship herein created is that of independent contractor and not that of employer and employee. Second Party is a contractor only and is not the employee of the First Party." While we are not bound by the nomenclature the parties applied to their relationship (*Capozzoli v. Stone & Webster Engineering Corp.*, 352 Pa. 183, 42 A. 2d 574) yet the other terms of the contract and the admitted facts establish that the parties correctly designated their relationship.

Judgment affirmed.