**Edward R. BISHOP**

v.

**JOSEPH R. FARRELL, Inc.**

Civ. A. No. 25014.

United States District Court
E. D. Pennsylvania.

Dec. 9, 1958.

M. Kalman Gitomer, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for plaintiff.

Robert E. Jones, Rawle & Henderson, Philadelphia, Pa., for defendant.

EGAN, District Judge.

■ This is an action to recover for personal injuries sustained by the plaintiff when he fell through a hole in the roof of a construction project in Pennsylvania. The defendant has moved for a dismissal of this action alleging that it is the "statutory employer" of the plaintiff and that pursuant to the Workmen's Compensation Act of Pennsylvania, 77 P.S. § 1 et seq., plaintiff's remedy in tort is barred by the Act.

Under the facts of this case, the plaintiff is a citizen of the State of New Jersey and he was hired by the William C. Kulzer Company in Trenton, New Jersey. The William C. Kulzer Company was a roofing sub-contractor engaged by Joseph R. Farrell, Inc., who was the general contractor for the construction of a school in Newtown, Pennsylvania. It was on this project as an employee of Kulzer that the plaintiff was injured.

The plaintiff later entered into a voluntary agreement for compensation for disability for permanent injury in accordance with the Pennsylvania Workmen's Compensation Law. This agreement was entered into on behalf of the William C. Kulzer Company by an insurance carrier and Bishop. This was approved by the Pennsylvania Bureau of Workmen's Compensation. The plaintiff was also awarded compensation against Kulzer under the New Jersey Workmen's Compensation Act, N.J.S.A. 34:15–1 et seq. However, it is alleged that there is no double payment since the voluntary payments under the Pennsylvania agreement were credited to Kulzer by New Jersey. Subsequently the plaintiff instituted this negligence action against Joseph R. Farrell, Inc., the general contractor.

There is no question that although the plaintiff is an employee of William C. Kulzer Company and not of the defendant, that by virtue of the Workmen's Compensation Act of Pennsylvania, Section 302(b), 77 P.S. § 462 and Section 203, 77 P.S. § 52 and the decisions of the Pennsylvania Supreme Court, that if the injured employee has received compensation from his employer, he is precluded from recovering against the principal contractor so long as the principal contractor is deemed to be the employee's statutory employer. McDonald v. Levinson Steel Co., 1931, 302 Pa. 287, 153 A. 424.

Many of the cases of this type that have come before the District Court on motion for summary judgment or dismissal generally involve the question of whether a contractor is or is not a statu-

**616**

tory employer. Frankel v. International Scrap Iron & Metal Co., D.C.E.D.Pa. 1957, 157 F.Supp. 709. In fact, in this case the defendant's first brief dealt at length with this question. However, this is not the countering argument of the plaintiff who urges instead that this Court should not look to Pennsylvania law or the Pennsylvania Workmen's Compensation Act, but should look to the New Jersey Workmen's Compensation Act which would permit a suit against the general contractor. The plaintiff states that his cause of action is pursuant to the New Jersey Act and that the proper choice of law is that of New Jersey, since the contract of hiring was in New Jersey and the plaintiff is a citizen of New Jersey.

█ Jurisdiction of this Court is based upon diversity of citizenship since the plaintiff is a citizen of New Jersey and the defendant is a Pennsylvania corporation. As a District Court sitting in Pennsylvania, the Court shall determine questions of choice of law as would a State Court of Pennsylvania. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

█ The plaintiff argues that the Court should not follow the rule of lex loci delicti which would be a purely mechanical method of choice of law but that the contacts of the plaintiff should be balanced and weighed in order to determine the choice of law. Neither side has cited any Pennsylvania case that would indicate this State's view in this factual situation. However, this question has been considered in two recent cases. Jonathan Woodner Co. v. Mather, 93 U.S.App.D.C. 234, 1954, 210 F.2d 868 and Wilson v. Faull, 1958, 27 N.J. 105, 141 A.2d 768, which involve factual situations similar to this case and where recovery was denied in both cases. The above decisions not only followed the principle of lex loci delicti but were based on broader considerations of workmen's compensation policy. The employer is required to pay workmen's compensation insurance but secures an im-

munity from a common law suit and the workman gives up his right of a common law action but is compensated even though the injury is not the fault of the employer. This principle should remain unaltered, irrespective of the designation given to the person who bears the compensation liability, whether he be called an employer, general contractor or, as here, a statutory employer. If the employer has met the requirements under the Pennsylvania Act, there is no reason why he should not be afforded the immunity given by that Act for an injury occurring in Pennsylvania.

The Restatement, Conflicts of Laws (1943 Supplement) in Section 401 states a view which would seem to be a codification of the result reached in Jonathan Woodner Co. v. Mather, supra, and Wilson v. Faull, supra. It states:

"If a cause of action in tort or an action for wrongful death either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place of wrong, no action can be maintained for such tort or wrongful death in any state."

While this section has not been stated to be the law of Pennsylvania, the restatement views have been given great weight by its Courts.

Another case that would aid in supporting the finding herein is Cookson v. Knauff, 1945, 157 Pa.Super. 401, 43 A. 2d 402. Although it is a workmen's compensation case and not a negligence action, it states that the Pennsylvania Workmen's Compensation Act is applicable to a situation of an accident occurring in Pennsylvania to an employee of a Pennsylvania employer, even though the employee was a non-resident and the contract of employment contemplating performance in Pennsylvania was made outside the State.

Therefore, for the above reasons, the Court is of the opinion that Pennsylvania law should apply.

Upon consideration of the pleadings, exhibits and uncontested affidavits, and

by applying the standards set forth in the authorities cited, supra, the Court finds that the defendant is the statutory employer and is entitled to its motion for dismissal.