# Reitmyer *v.* Coxe Bros. & Co., Inc., Appellant.

*Workmen's compensation—Contract as to wages of a miner—Express contract — Implied contract — Deduction for materials and tools—Improper findings—Act of June 2, 1915, P. L. 736.*

1. Where in a proceeding under the Workmen's Compensation Act, to secure compensation for the death of plaintiff's husband, a miner, it appears that the deceased was paid regular wages of $22 per week for about six months, less a deduction for supplies and tools amounting in the aggregate to $49.33 without objection by him for such deduction, it is reversible error for the referee, the workmen's compensation board and the court of common pleas to decline to make any deduction for supplies and materials, in determining the wages as a basis for compensation, on the ground that there was no express agreement in the contract of hiring for such deduction.

2. In such a case an implied agreement may be inferred from the conduct of the parties. This is a question of law to be passed upon by the court below, and the case will be remanded to that court to pass upon the question of the existence of the implied contract, should the ascertained facts be found sufficient therefor; if not, to remand the record to the compensation board with instructions to find further.

3. The legislature did not purpose to confine hiring contracts with which the act deals to express contracts, to the exclusion of contracts which arise by implication of law where no express contract exists, but yet where circumstances are shown which, according to the ordinary course of business dealings and the ordinary understanding of men, show a mutual intention to contract.

Argued Feb. 18, 1919. Appeal, No. 100, Jan. T., 1919, by defendant, from order of C. P. Schuylkill Co., Sept. T., 1916, No. 297, dismissing appeal from decision of Workmen's Compensation Board confirming an award of referee in case of Mrs. Jacob Reitmyer *v.* Coxe Bros. &

Co., Inc.   Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and KEPHART, JJ.   Reversed.

Appeal from order of Workmen's Compensation Board affirming an award of the referee.

The court dismissed the appeal.   Defendant appealed.

*Error assigned* was in dismissing the appeal.

*Daniel W. Kaercher,* for appellant.

*Roger J. Dever,* with him *Edw. E. Beidleman,* for appellee.

OPINION BY MR. JUSTICE STEWART, April 21, 1919:

The appeal is from the judgment of the Court of Common Pleas of Schuylkill County, sustaining an award of the compensation board in the matter of the claim of Mrs. Jacob Reitmyer, widow, against Coxe Brothers & Co., Inc.

In determining the amount of wages earned by the employee as the basis of compensation for the ascertainment of the amount of compensation to be awarded, the referee adopted the wage rate agreed upon by the parties but declined to make any deduction therefrom for or on account of supplies, tools and other things furnished and paid for by the employer, and which were necessary to the performance of the contract by the employee.   The reason assigned by the referee for this conclusion was as follows: "The contract at hiring did not specifically provide that the value of material, supplies, tools and other things necessary for the performance of the employee's contract should be deducted from the employee's gross earnings, and the contract did not specifically provide that the employer was to furnish them and that the employee must procure them from the employer and no one else."   Appeal was taken to the compensation board with the result, that without further findings, the award of the referee was sustained and appeal dismissed.

An appeal followed to the court of common pleas with the result that the award of the referee and the decree of the board were alike sustained and the appeal dismissed. The matter now comes before us on appeal from the judgment of the court of common pleas. The record of the proceeding from its beginning throughout is unsatisfactory in that it fails to discover the one and only issue in the case. The effort of appellant before the referee was to derive from the admitted facts and circumstances, not appearing however in specific findings of the referee, but, as appellant insists, clearly derivable from what the referee styles his "Review," a parol contract between employer and employee regulating and determining the terms of the latter's employment. His main reliance to this end was upon these facts: Reitmyer's employment covered a period extending from 1st July, 1915, to 10th January, 1916, when, on the date last mentioned, he met with the accident which resulted in his death on the same day. His wage earnings were $22 per week, payable semimonthly; the supplies furnished by his employer during the period amounted to $49.33; he was paid during this period his full earnings less deduction for the supplies furnished as above, without objection or complaint from him so far as the evidence shows, making in all twelve consecutive payments, as appears from the pay rolls of the coal company which were admitted in evidence. The compensation board, in its opinion sustaining the referee's award, says, "We have carefully reviewed the testimony in this case......and are of opinion that no such contract of hiring as contemplated by the act was established by competent proof, and the findings of the referee that the cost of supplies, etc., should not be deducted in computing compensation due defendants should be sustained." It will be observed that the referee rested his adverse conclusion upon the ground that "The contract of hiring in this case did not specifically provide that the value of supplies, tools, etc., should be deducted from the employee's gross earnings

in making the computation," while the compensation board rested its affirmance of the referee's conclusion on the ground that "no such contract of hiring as contemplated by the act was established by competent proof." Both conclusions seem to rest on the idea that the act of assembly contemplates some particular form or kind of agreement of hiring to which all must conform to be effective in excluding from wage earnings in ascertaining the basis of compensation, the cost of supplies furnished the wage earner by the employer.   To sustain either of these conclusions would be to impute to the legislative mind a purpose to confine hiring contracts with which the act deals to express contracts, to the exclusion of that class of contracts which arises by implication of law where no express contract exists, but yet where circumstances appear which, according to the ordinary course of business dealings, and the ordinary understanding of men, show a mutual intention to contract. When such conditions are shown the law will not simply imply a contract, but it will derive the terms of a contract so far as practicable from the conditions shown. No warrant is to be found in the act for either the conclusion of the referee or the compensation board.   "Every induction, inference, implication or presumption in reasoning of any kind, is a logical conclusion, derived from and demanded by, certain data or ascertained circumstances.   If such circumstances demand the conclusion of a contract to account for them, a contract is proved; if not, not": Hertzog v. Hertzog, 29 Pa. 465.

The error complained of in the present appeal from the judgment of the court below is the affirmance by the learned court of the award and decree of the compensation board on the ground set forth in the opinion filed, which reads as follows: "It is contended in this case that these amounts should be deducted in computing the term 'wages.'   In the opinion filed by the commission in the first paragraph appears the following 'The first question is one of contract.   It was not reduced to writing,

and one of the contracting parties is dead.  There was no evidence to show that the contract of hiring entered into between the claimant's deceased husband and the defendant specifically provided that the employer should furnish or pay for labor, material, supplies, or other things necessary for the performance of the employee's contract with his employer and deduct the cost thereof from the employee's gross earnings.'  It will be seen from this that the compensation board has found as a fact that such contract did not exist.  We have no power to reverse their findings of facts and are therefore bound by this conclusion.  This being so, under the plain terms of the act, the employer would not be entitled to deduct these amounts in order to form the basis of a computation on the earnings of his employee.  We are, therefore, of the opinion that the conclusion reached by the compensation board was correct."

There is no pretense that an express contract of hiring existed between the parties.  Whether from the facts and circumstances shown an implied hiring contract could be derived was a question of law and should have been passed upon by the court.  It was error to decline to do so, and for this reason the judgment calls for a reversal. We accordingly so order and remand the record to the court below to pass upon the question we have indicated, should the ascertained facts be found sufficient therefor; if not, to further remand the record to the compensation board with instructions to find further.  We suggest, as matter of law to be observed in any event, that the period of compensation under the Workmen's Compensation Act of 2d June, 1915, in cases of instantaneous death of the employee does not begin until fourteen days after death. So much has been decided in Rakie v. Jefferson, etc., Coal & Iron Co., 262 Pa. 444.

Judgment reversed.