In the Matter of the Claim of INGRID JOHANSEN, Respondent, against FLOYD A. GRAY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 24, 1954.

*Morgan F. Bisselle* and *Warren C. Tucker* for appellants.

*Max Epstein* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J.  Decedent Didrik Johansen had a small cabinet-making shop but was irregularly employed as a carpenter by appellant Gray who is engaged in the general contracting business.  The weeks during which decedent worked for the employer as a carpenter and the amounts paid are reflected in the employer's regular records.

On August 20, 1948, the decedent and the employer had a conversation.  The employer asked decedent to build and install some cabinets in the home of the employer's mother.  Decedent was to be paid for this work not in cash but by the repair of the foundation of a building on which decedent was working, such repair to be done by the employer.

After the cabinet installation work performed by the decedent was finished and while the employer was driving decedent away from the site of the work, an accident occurred in which the employer's car was involved and decedent was killed.

An action at law was instituted by claimant as administratrix against the employer in the Supreme Court.  One of the defenses asserted by the employer Gray in answer to this action was that such defendant was engaged in the business of carpenter and contractor; that the decedent was at the time of the accident '' employed  *  *  *  as a carpenter in connection with the business '' of defendant; that it was a hazardous occupation; that the ride in employer's automobile was while deceased

" was still engaged in the course of his employment as a carpenter " and that the Workmen's Compensation Law therefore gave the administratrix her exclusive remedy.

The jury rendered a special verdict finding that at the time of the accident deceased was engaged in the course of his employment with the employer; and judgment in favor of the employer defendant was entered reciting the special verdict of the jury upon which that part of the judgment was based.

The ground on which an award in compensation is sought to be reversed now by the employer appellant and his carrier is in singular disregard of the previous judgment in his favor. It is, to quote Point I of his brief: " At the time of the accident deceased was not an employee within the purview of the Workmen's Compensation Law."

Weight could be given to an argument such as this is only by a court ready to be quite unmindful in one instance of what it has done in another. It seems to us that the strongest principles of estoppel prevent the employer from winning his case in one court on the ground that employment existed; and winning his case in another court on the ground employment did not exist.

The employer is fully bound by the adjudication which he was willing to take in his favor in the tort action that the employer-employee relationship covered by compensation existed at the time of the fatal accident.

But aside from the effect of this judgment, the merits of the record in compensation would in this case fully and independently sustain the award against the appellant employer. The payment of money is not the only basis for a contract of employment. A man may work for other benefits, including an agreement by the employer to render some special service for the employee. Often the very services or goods in which an employer deals come to an employee as part, at least, of his wage.

The statutory tests of the employer-employee relationship are quite broadly and very inclusively defined in subdivisions 3, 4 and 5 of section 2 of the Workmen's Compensation Law. It certainly is unimportant whether the employer's mother paid him for the hazardous work he had the decedent do for. him or not.

The work was the kind of work in which the employer engaged in his regular carpentry and contracting business. The principle was settled both as to the question of pecuniary gain of

the employer and the question of money wages of the employee by *Matter of Bernstein* v. *Beth Israel Hosp.* (236 N. Y. 268).

Even when an employee does work of a personal nature for an officer of an employer it has sometimes been held to be within the scope of coverage by the statute. (Cf. *Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314.) In the case before us the employee surely could not be bound by some special arrangements between a man engaged in the building business to do the usual work of his business for a close relative for nothing. On this aspect of the case, *Matter of Coppola* v. *Tilyou* (297 N. Y. 656) provides a somewhat parallel application of the principle involved.

All the elements required by the statute are present: the employer engaged in business for gain; the employee hired for hazardous employment in that business and killed in the course of employment. This, as we have noted, is not a case of isolated or single hiring.

It is, as the board had the right to find, a case of an employee who had been hired for carpentry by the employer from time to time and whose employment as such is reflected in the books of the employer. It seems to us to be a case in which liability for the compensation award ought to attach firmly against the employer.

Nor do we think the carrier may escape liability for the award. By acceptance of premiums on its policy the carrier also accepted the effect of a statutory estoppel. (Workmen's Compensation Law, § 55.) This provides that the acceptance of a premium shall estop a carrier from pleading that the employment of the employee " is not carried on for pecuniary gain." The statute was given full effect in the hospital case. (*Matter of Bernstein* v. *Beth Israel Hosp.*, 236 N. Y. 268, *supra*; see, also, *Matter of Blenner* v. *Joseph Landis, Inc.*, 277 App. Div. 489, and *Matter of Walker* v. *Cooper*, 279 App. Div. 946.)

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., COON and IMRIE, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.