Schreckengost *v.* Gospel Tabernacle et al.
Appellants.

Argued November 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*John F. Will, Jr.,* with him *Neely & Will,* for appellants.

*Donald Laird Hankey,* for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

In this workmen's compensation case, the appellants, The Gospel Tabernacle and United States Fidelity and Guaranty Company, insurance carrier, appeal from the judgment of the court below in affirming the award of the Workmen's Compensation Board.

The claimant is the widow of Merle L. Schreckengost who was fatally injured on December 5, 1955 in a fall from the roof of a church under construction by The Gospel Tabernacle in Westmoreland County. From such injuries, death resulted the following day. At the time of his death, Merle L. Schreckengost was 21 years of age and left to survive him his widow, Ruth Schreckengost, and two minor children. Prior to commencing construction of this church, a policy of Workmen's Compensation was issued by the United States Fidelity

and Guaranty Company, effective May 26, 1955, and in full force and effect at the time of the accident.

Decedent, Merle L. Schreckengost, was a member of the Gospel Tabernacle and was a tither, that is, he gave ten percent of his earnings to the church. When construction for the new church was commenced, the minister asked for volunteers to aid in the carpentry labor and thereby reduce the cost of construction. He announced that such volunteer labor could be applied toward the payment of tithes. By such volunteer work the church was able to save approximately $30,000.00. The evidence disclosed that decedent offered his services almost daily and worked between two to four hours per day during his free time for approximately six months prior to the accident.

The minister stated that he acted as general contractor and that he had the right to direct the efforts of the volunteer labor force and the right to discharge anyone as he saw fit.

Before the policy of Workmen's Compensation Insurance was taken out, the insurance carrier was notified by the minister that the main purpose of taking out the same was to cover volunteer carpentry labor.

The referee found in favor of the claimant and the board affirmed the findings. An appeal from the decision of the board was taken to the court below which affirmed the decision. From this action, this appeal followed.

Appellants contend that since decedent volunteered his services to the church, for which he received no wages, the relation of employer-employe did not exist as required under the Workmen's Compensation Act and, therefore, the board did not have jurisdiction to make an award.

We have recently reiterated the well established principles that the Workmen's Compensation Act is a

remedial statute and is to receive a liberal construction; that the findings of fact by the compensation authorities, if supported by the evidence, are binding upon the appellate court, and that on appeal from an award, the evidence must be viewed in the light most favorable to the claimant. *Spry v. Polt,* 186 Pa. Superior Ct. 326, 142 A. 2d 484. Indeed, a review of this record clearly indicates that the compensation authorities had ample evidence upon which to base the award. The question turns, therefore, not on whether the evidence supports the award but, rather, on whether the deceased was a person covered under the Workmen's Compensation Act.

The Workmen's Compensation Act, 77 P.S. section 1, et seq., defines the term "employe" as "All natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of business of the employer . . ." There can be no question that the deceased performed services for his church and that these services, together with those performed by others, were valuable. While the deceased received no compensation as such, the record clearly indicates that such services could be applied by the respective working members toward the payment of their tithes. In this sense, therefore, the services rendered by the deceased were for a valuable consideration. The work performed by deceased cannot be considered as casual for the evidence disclosed steady application during a six month period, six days per week, between two to four hours per day. Finally, Rev. Davenport, the minister of the congregation testified that the new church had to be built because their former building was too crowded and additional space had to be provided for Sunday School. The construction of a new church, therefore, was a necessary and essential part of the life

and growth of this congregation. Such endeavor may properly be considered as the regular course of event for any growing congregation and may be considered as the "business" of the employer. It thus appears that every element of the Workmen's Compensation Act in defining an employe are present.

Appellants contend, however, that the deceased was a mere volunteer and as such was not included under the term "employe" under the Workmen's Compensation Act. While it is true that deceased volunteered his services, it is also true that the act of volunteering occurred upon the specific request for carpentry labor by the minister of the congregation. The services were not given spontaneously and without request. Furthermore, the work performed was not done without authorization. As a matter of fact, Rev. Davenport testified that he had the right to superintend the work to be performed and all work was performed under his supervision. He further testified that he had the right to fire anyone or to tell him to leave. Where the employer has the right to select the employe, the power to remove and discharge him, and to direct both what work shall be done and the way and manner in which it shall be done, the relation of master and servant exists. *Fanning v. Apawana Golf Club,* 169 Pa. Superior Ct. 180, 82 A. 2d 584. It is not the fact of actual interference or exercise of control by the employer but the existence of the right or authority to interfere or control which renders one an employe rather than an independent contractor. *Eggelton v. Leete,* 186 Pa. Superior Ct. 542, 142 A. 2d 777.

The Workmen's Compensation Act was not intended to limit hiring contracts, to the exclusion of that class of contracts which arise by implication of law where circumstances appear which according to the ordinary course of human dealings show a mutual intention to

contract. *Reitmyer v. Coxe Bros. & Co., Inc.*, 264 Pa. 372, 107 A. 739; *James v. Shapiro*, 135 Pa. Superior Ct. 550, 5 A. 2d 815. The mutual promises made by other members of the congregation to render services in the erection and construction of the church would be valid consideration for a contract between the church and the carpenters to do this work even in the absence of the opportunity to pay tithes in services rather than in money. We therefore conclude that the relationship of employer-employe existed under the facts of this case and that the compensation authorities had jurisdiction to enter the award.

In view of our conclusion on this phase of the case, we need not consider the doctrine of estoppel against the insurance carrier which was informed of the type of work to be performed and which accepted premiums and issued a policy to cover the class of employees here involved.

Judgment affirmed.