McManus, Appellant, *v.* Kuhn.

Argued December 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Blair L. McKillip, Jr.,* with him *Harry B. Hogemyer,* for appellant.

*Robert W. Anthony,* for appellee, submitted a brief.

OPINION BY RHODES, P. J., March 22, 1961:

In this workmen's compensation case the claimant filed his petition claiming compensation for an injury sustained on March 27, 1956, while allegedly employed by defendant, Leo Kuhn, trading as Kuhn's Market.

The referee and the Workmen's Compensation Board dismissed claimant's petition on the ground that claimant failed to establish the relationship of employer and employe between himself and defendant at the time of the injury. On appeal the Court of Common Pleas of Blair County affirmed the board.

On March 27, 1956, claimant was loading a truck with debris from the produce market of defendant when he slipped and fell breaking his left arm. The board affirmed the referee's eighth finding of fact as follows:

"Eighth: That the claimant was not an employee of the defendant on March 27, 1956, the date of his accidental injury."

Compensation was accordingly disallowed.

The question whether, on a given state of facts, a claimant is an employe within the meaning of that term as used in the Workmen's Compensation Act, 77 PS §22, is one of law. *Doyle v. Commonwealth,* 153 Pa. Superior Ct. 611, 613, 34 A. 2d 812. The testimony discloses that claimant and defendant had known each other for many years. Claimant did not have steady employment in recent years. He admitted his addiction to alcohol. He frequently borrowed small sums of money from defendant in amounts such as 35 cents, 50 cents, 75 cents, a dollar, apparently to purchase liquor. Subsequently claimant would voluntarily appear at defendant's place of business to do odd jobs, thereby repaying defendant for the small sums advanced. No wages were set or agreed upon. If claimant owed 75 cents he would perform labor to that ex-

tent. The board found that "claimant, himself, appeared to set the value of the work he performed, . . ." What claimant did for defendant at times consisted of odd jobs such as feeding rabbits and cleaning out their pens, and sweeping the store, on his own initiative.

The record shows no fixed hours of employment on any particular day, week, or month. The arrangements between the parties were apparently a matter of chance. It seems that claimant did not always work off the amount which he borrowed. On this particular occasion claimant had borrowed money from defendant earlier in the day and had returned to work out the loan when he was injured putting debris on a truck. Defendant testified that he noticed claimant was under the influence of liquor, and that he told claimant not to get up on the truck or attempt to put the boxes of refuse on the truck.

The Workmen's Compensation Act, 77 PS §22, defines the term "employe" as follows: "The term 'employe,' as used in this act is declared to be synonymous with servant, and includes—All natural persons, who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer, . . ." The term "employe" is synonymous with servant, and the assent of both parties is essential to create the relationship of master and servant. *Harris v. Seiavitch*, 336 Pa. 294, 9 A. 2d 375.

In *James v. Shapiro*, 135 Pa. Superior Ct. 550, 5 A. 2d 815, the evidence showed that claimant, an apartment house janitor, had recently resigned or been discharged. We affirmed the refusal of compensation on the ground that claimant failed to prove the existence of a new contract of hiring, express or implied, and stated (page 556 of 135 Pa. Superior Ct., page 818 of 5 A. 2d): "A prerequisite to recovery of compensation by claimant was a showing that deceased was an em-

ployee (Carville v. A. F. Bornot & Co., 288 Pa. 104, 135 A. 652), and bore to the one sought to be charged the relation of master and servant (Sgattone v. Mulholland & Gotwals, Inc. et al., 290 Pa. 341, 138 A. 855). The relation of employer and employee, as contemplated by the Workmen's Compensation Act of 1915, supra, arises only where there is a contract of hiring, express or implied (Lehman v. Commissioners of Northumberland County, 87 Pa. Superior Ct. 440); and the burden of proving that deceased was an employee of Shapiro was upon claimant (Logue v. Gallagher et al., 124 Pa. Superior Ct. 328, 332, 188 A. 395)." Of course, the contract of hiring need not be express, but may arise on a given state of facts by implication of law. *Fanning v. Apawana Golf Club,* 169 Pa. Superior Ct. 180, 82 A. 2d 584. Cf. *Schreckengost v. Gospel Tabernacle,* 188 Pa. Superior Ct. 652, 149 A. 2d 542.

There was no capricious disregard of the competent evidence by the board. In the present case claimant failed to establish any contract of employment, express or implied. There was no agreement between the parties as to hours, wages, or term of hiring. Relationship was apparently casual and fortuitous. Claimant was, in a sense, a volunteer. The services performed were gratuitous, not contractual. Claimant worked only when it suited his convenience and for the sole purpose of repaying small sums borrowed from defendant at various times.

The board also found: "It is apparent from the claimant's own testimony that he considered himself a free agent rather than an employe of the defendant."

While the Act must receive a liberal construction in favor of claimant, it cannot be held to embrace the tenuous relationship shown on this record. In no sense did this relationship rise to the status of a contract of

employment within the meaning of the Workmen's Compensation Act.

Judgment for defendant is affirmed.