Opinion by
 

 Montgomery, J.,
 

 Appellant-claimant Deloris E. Berg is the widow of Louis H. Berg who was fatally injured on March 28, 1960, by the collapse of a brick wall during the razing of the Cambria Theater Building on Main Street in the City of Johnstown, Cambria County, Pennsylvania.
 

 Sidney Rosefsky, trading as Mountain City Junk Company, one of the appellee-defendants, had a contract with the theater owners to raze the building, remove all debris and clear the site. In the performance of the contract he engaged Larnek Brothers, a partnership, to perform part of the work and agreed to pay it on an hourly basis of $3.50 for a truck and operator,
 
 *600
 
 and $7.50 for a high lift and operator plus the salvaged material it removed. . The terms of the-contract are in dispute. Thomas Larnek, called as a witness for the claimant, testified that his firm was' engaged “To remove the debris out .of the place” on an hourly, .basis and “We.were to take out the old wood and smooth up inside, and that’s all” and.that they worked “off and on, when the weather permitted”. Larnek Brothers were ordinarily engaged in landscaping and foundation work.
 

 On the other hand, the regular business of Rosefsky was demolition work. He testified that he rented the truck,and high lift with operators from Larnek Brothers for the purpose of razing the building and removing the debris.
 

 The compensation authorities found as a fact “that in connection with the demolition Rosefsky hired .Larnek Brothers, who were to furnish a truck and a high lift, as well as operators at an hourly rate of $3.50 for the truck and operator and $7.50 for the high lift and operator.” Although this finding does not specifically say that the contract between Larnek Brothers and Rosefsky was one of rental of .equipment with operators, since it also states, “Rosefsky hired Larnek Brothers”, we may consider such an interpretation as a reasonable one. If such is the case, then it must be determined whether Larnek Brothers or their operators became employes of Rosefsky or whether Larnek Brothers are independent contractors. Generally the operator of a machine which has been hired with operator is the employe of the owner of the machine. However, under certain conditions where the person utilizing the services of the machine and operator exercises complete control and direction of the • operation of the machine the operator may be considered the employe of that person.
 
 O’Connell v. Roefaro,
 
 391 Pa. 52, 137 A. 2d 325 (1958);
 
 Pennsylvania Smelting & Refining Co. v.
 
 
 *601
 

 Duffin,
 
 363 Pa. 564, 70 A. 2d 270 (1950). If the other view of the foregoing finding is taken, then this case must be considered in the light of Larnek. Brothers being employes of Rosefsky, and the decedent Berg as a substitute for Michael, one of those employes.
 

 However, we must conclude that the said finding is insufficient to establish the true intent of the contract between Rosefsky and Larnek Brothers. Furthermore* it is insufficient to establish what part of the demolition work was to he done by Larnek Brothers, the razing, the clearing of the site, or both. It is noted that Rosefsky admitted that no part of the razing, had been done by Larnek Brothers prior- to the day and tiine- of the accident in which Berg was killed.. It is-further noted that the activity of utilizing the high lift with. Berg as its operator was done at.the instance of Rosefsky and his agents who participated in that activity by attaching a cable of their own to the- high lift and to the pilaster, which was part of a large segment of the theater still in place. All this was done in the absence of the Larnek brothers and without their knowledge.
 

 The status of Larnek Brothers was apparently not considered an important factor in this case by either the compensation authorities or. the lower court, who decided it entirely on the basis that there was no proof of any promise to pay decedent any wages for his services and that he was doing a favor for his friends arid neighbors, Larnek Brothers. We are of the opposite opinion and place importance on the relationship Of the parties. ■
 

 If Larnek Brothers were independent contractors who agreed to furnish their equipment and to clear the site of debris, with the privilege of retaining the salvaged material, the utilization of the high lift and the services of Berg, the decedent, by Rosefsky for the purpose of tearing down the building would be beyond the
 
 *602
 
 purpose of their contract of hire. In
 
 Bogan v. Smoothway Construction Company,
 
 183 Pa. Superior Ct. 170, 130 A. 2d 207 (1957), we were confronted with a similar situation. Therein, the decedent was hired to drive his own truck but was asked to engage in an operation of unloading which was not expected of him. The compensation authorities held that he was an independent contractor but the lower court on appeal concluded that he was a temporary employe. We adopted and applied the following statement of law: “ ‘A person employed by another may be an independent contractor as to some phases of his work and, at the same time, an employee as to other phases; and the person for whom the work is being done is liable for compensation only if the worker is injured while engaged in that phase of the work in which he is an employee.’ ” 183 Pa. Superior Ct. 170, 178, 130 A. 2d 207, 211 (1957). We referred the case back to the workmen’s compensation authorities for more detailed findings of fact on, inter alia, the issue of employment. Furthermore, in that case we said: “That he may not have been paid by defendant for this particular act is not controlling. See Atherholt v. William Stoddart Co., 286 Pa. 278, 279, 280, 133 A. 504.” See also
 
 Rugh v. Keystone-Lawrence Transfer and Storage Company,
 
 197 Pa. Superior Ct. 526, 530, 179 A. 2d 242, 245 (1962), wherein the
 
 Atherholt
 
 case is cited with approval and wherein we again stated, “But the fact that wages are not paid is not determinative if the appellant has the right of control. Fanning v. Apawana Golf Club, 169 Pa. Superior Ct. 180, 82 A. 2d 584 (1951).” Also see
 
 Hattler v. Wayne County,
 
 320 Pa. 280, 182 A. 526 (1936).
 

 The status of decedent Berg depends on the status of Larnek Brothers. If they are independent contractors he may be: (a) not an employe of either Larnek Brothers or of Rosefsky, which is the status given him
 
 *603
 
 by the decision now before us; (b) an employe of Larnek Brothers; (c) an employe of Larnek Brothers loaned to Rosefsky; (d) an employe of Larnek Brothers, but also an employe of Rosefsky under the statute making the latter responsible, Act of June 2, 1915, P. L. 736, art. Ill, §302(b); June 4, 1937, P. L. 1552, §1; June 21, 1939, P. L. 520, §1, 77 P.S. 462; (e) an employe of Rosefsky alone if he was requested to perform work beyond that covered by the contract between Rosefsky and Larnek Brothers.
 

 If Larnek Brothers were employes of Rosefsky, then Berg might be considered as (a) a substitute for Michael in that capacity; (b) an employe of Rosefsky in a manner similar to (e) above if he were asked to perform work beyond that for which Larnek Brothers were employed to do.
 

 Regardless of the ultimate finding of Berg’s status, it is difficult to see how he was not an employe of either Larnek Brothers or of Rosefsky. The finding to the contrary by the workmen’s compensation authorities, in our opinion, was in capricious disregard of the competent evidence.
 

 We have discussed the proposition that, if Rosefsky asked Berg to do something beyond that which he was asked to do by Larnek Brothers and beyond that which Larnek Brothers had contracted to do, Rosefsky made Berg his employe and the matter of payment was of less importance.
 

 Insofar as a master-servant relationship existing between Larnek Brothers and Berg is concerned, every element to establish it is disclosed by this record. Berg was requested by Thomas Larnek to substitute for his brother Michael in the operation of their equipment. Berg drove the truck to the Rosefsky job and operated it the entire morning on the day of the accident in the presence of and under the direction of Thomas Larnek. This was a valuable service. He was left on the
 
 *604
 
 Rosefsky job site when Thomas Larnek departed therefrom with the authority of Larnek Brothers to operate the high lift. The board appears to have been persuaded that the definition of employe under the Workmen’s Compensation Act was not satisfied because Berg was not carried on the payroll or social security roll of Larnek Brothers as an employe and there was no express agreement to pay him for his services; and possibly by the statement made by Thomas Larnek that Berg was doing him and his brother a “favor”.
 

 The statement of Judge Lencher in
 
 Rodgers v. P.G. Publishing Company,
 
 24 Pa. D. & C. 2d 81, 83, adopted by this Court in the same case reported in 194 Pa. Superior Ct. 207, 166 A. 2d 544 (1960), is equally applicable to the present situation, with the substitution of the words “gratuitous” and “donor” for the word “independent”: “The mere nomenclature of the independent [gratuitous] agency written into the contract is not conclusive; we are not to be solicitous to place the claimant in the category of an independent contractor [donor] when a reasonable view of the evidence warrants a finding of employer-employe status: . . .” Also see
 
 Stevens v. Publishers Agency,
 
 170 Pa. Superior Ct. 385, 85 A. 2d 696 (1952).
 

 The reasonable interpretation of the testimony of Thomas Larnek is that for the accommodation of one another they exchanged services. The questions asked of him and his answers follow, inter alia:
 

 “A. The only thing I had with him was by exchanging favors. ...
 

 “A. If I wanted something done he came and helped me, and if he needed something from me, such as my truck to haul a load of coal, I let him have the truck. We worked back and forth. . . .
 

 “Q. Did you give him anything in the way of com-' pensation for this work otherwise, such as services, favors, etc.? . ' .
 

 
 *605
 
 “A. Oh, yes, a lot of favors.
 

 “Q. What, for example?
 

 “A. Well, such as if he wanted something welded on his ear, I would get the welding mixture for him, or if he wanted to haul a load of coal to his home, he got my truck. As a matter of fact, I gave him some beef, and then, in turn, he helped me on Sundays fixing fences.”
 

 Although the performance of services gratuitously and without request or control does not in itself establish an employer-employe relationship, as we have held in several cases,
 
 [1]
 
 payment may be made in things other than money, including a return of services.
 
 Johansen v. Gray,
 
 130 N.Y.S. 2d 35, 283 App. Div. 647; 99 C.J.S. Workmen’s Compensation §64. In
 
 Hattler v. Wayne County,
 
 supra, a person assigned by the emergency relief board of a county to work on the county roads under the direction of the county commissioners was held to be an employe of the county within the meaning of the Workmen’s Compensation Act. Decedent’s receipts of food orders in that case from the relief agency were held sufficient to satisfy the statute. In the
 
 Fanning
 
 case, supra, the Golf Club was held liable for workmen’s compensation to a boy who was permitted to be on the premises to solicit caddying jobs from anyone who desired his services, although caddy service had been discontinued by the club. Therein Judge Ross aptly repeated the applicable statement of law as follows: “The Workmen’s Compensation Act was not intended to limit hiring contracts to
 
 express
 
 contracts, to the exclusion of that class of contracts which arise by
 
 implication
 
 of law where- circumstances appear which according to the ordinary course of human deal
 
 *606
 
 ings sliow a mutual intention to contract.” 169 Pa. Superior Ct. 180, 183, 82 A. 2d 584, 585 (1951). Also see
 
 Schreckengost v. Gospel Tabernacle,
 
 188 Pa. Superior Ct. 652, 149 A. 2d 542 (1959), wherein volunteer carpentry work considered as a credit on a voluntary-pledge to the church was held sufficient.
 

 From the relationship of the decedent Berg and Thomas Larnek such an implication is required in this case. Previously Thomas Larnek had given Berg beef for helping him build a fence on a Sunday. At another time he had given him the use of a truck in payment for his services. At still another time he secured for him a welding mixture. He always gave him something as “compensation” for his services. The use of the word “favor” does not alter the situation. It may be a favor for one to work for another with compensation as well as to work for him gratuitously.
 
 Hawksford v. Steinbacher Packing Co.,
 
 80 N.J. Super. 129, 193 A. 2d 163, is a striking example of a service being performed as a favor. In that case compensation was allowed under a statute similar to our own Pennsylvania statute in its definition of employe. However, the vital test in determining whether a workman is the servant of persons engaging him is whether he is subject to such persons’ control or right of control with regard to both work done and the manner of performing it.
 
 Potash v. Bonaccurso,
 
 179 Pa. Superior Ct. 582, 117 A. 2d 803 (1955).
 

 Without prolonging the discussion further, we shall vacate the order dismissing claimant’s petition, and remand it to the Workmen’s Compensation Board for the purpose of taking more specific findings of fact on which it shall come to proper conclusions not inconsistent with this opinion, after the taking of further testimony if it deems that necessary.
 

 Order reversed and the claim petition remanded to the Workmen’s Compensation Board.
 

 [1]
 

 Brock v. Bowser,
 
 376 Pa. 209, 102 A. 20 121 (1954);
 
 Harris v. Seiavitch,
 
 336 Pa. 294, 9 A. 2d 375 (1939), where services were performed “for the fun of it”;
 
 McManus v. Kuhn,
 
 194 Pa. Superior Ct. 544, 168 A. 2d 618 (1961).