■ In the Matter of the Claim of HAROLD G. MUMBLO, Respondent, v. DEMPSEY BLOCK & STEEL, INC., et al., Appellants. WORKMEN'S COMPENSATION

Board, Respondent.— *Per Curiam.* An employer and its carrier appeal from a decision of the Workmen's Compensation Board dated September 7, 1965. On January 7, 1961 claimant sustained a back injury as the result of a motor vehicle collision. He instituted an action against the alleged tort-feasor in the Supreme Court which was subsequently compromised for the sum of $13,500. On July 25, 1961 claimant suffered an injury to his back while in the employ of appellant-employer as the result of which he lost three or four days' work. Again on May 22, 1962 while moving a cross bar preparatory to loading a trailer truck for the same employer claimant felt "a severe snap" in his back as a result of which, following a period of hospitalization, he discontinued this employment on the advice of his physician and thereafter secured work as a short order cook and the custodian of a high school at reduced wages. Following the rescindment of the Referee's first decision and the restoration of the case to his calendar for the development of the record, further testimony was introduced and the entire proceedings in the Supreme Court action were submitted as directed by the board. The Referee thereafter made an award for total disability from May 31, 1962 to July 24, 1962 which he found to be attributable solely to the accident of May 22, 1962 and a further award for partial disability from July 24, 1962 to January 22, 1964, one third of which he apportioned to the industrial accident of July 25, 1961 and two thirds of which he charged to the accident of May 22, 1962 regarding the contribution of the nonrelated automobile accident of January 7, 1961 to the disability as minimal. The board affirmed the Referee's determination with respect to the total disability award but modified the award for partial disability finding that all three accidents contributed equally to that disability. Upon this appeal appellants have no quarrel with that part of the award for total disability and challenge only the award for partial disability from July 24, 1962 to January 22, 1964 which, as noted, was charged on the basis of one-third to each of the accidents. Appellants argue that the complaint in the Supreme Court action as amplified by the bills of particulars, the testimony of claimant and that of his attending physician adduced at the trial thereof collaterally estopped him from asserting that his disability for which the award appealed from was made was causally related to the two industrial accidents. The answer to appellants' contention is, in our view, that the board found upon evidence which we regard as substantial that all three accidents contributed equally to claimant's partial disability, a finding which on its face negates any identity of the disability issue litigated in the common-law action with that raised and determined in the compensation claims based upon two industrial episodes unrelated in time and place to the automobile accident. Assuming, but only *arguendo*, that estoppel may be applied in the circumstances presented here it is clear that the recognized test to be employed in determining the availability of the doctrine as a defense to the industrial awards was not met. (*Good Health Dairy Prods. Corp.* v. *Emery*, 275 N. Y. 14, 18; *Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116, 120; *Matter of Meachem* v. *New York Cent. R. R. Co.*, 8 N Y 2d 293, 297.) *Matter of Johansen* v. *Gray* (283 App. Div. 647) and *Matter of Martin* v. *C. A. Prods. Co.* (8 N Y 2d 226) are in the context of this record inapposite. The board's finding that all three accidents played a part in claimant's ultimate partial disability is supported by substantial evidence and on this record we perceive no irrationality in its allocation of one third of claimant's partial disability to each of them. The contention that a fourth episode of December 30, 1962 should not have been ignored by the board was not raised by appellants in their application for review and this issue thus is unavailing upon appeal. (*Matter of Hedlund* v. *United Exposition & Decorating Co.*,

15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Staley, Jr., JJ., concur.